UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> OSARO, INC., <br><br> Defendant. | Case No. 25-cv-07170-PHK <br><br> **ORDER RE: INITIAL CASE SCHEDULING; ORDER RE: MOTION TO DISMISS** <br><br> Re: Dkt. 15 |
| ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> PARALLEL DOMAIN, INC., <br><br> Defendant. | Case No. 25-cv-7658-PHK <br><br> **ORDER RE: INITIAL CASE SCHEDULING** |
| ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC., <br><br> Plaintiff, <br><br> v. <br><br> CERES AI, INC. <br><br> Defendant. | Case No. 25-cv-7924-PHK <br><br> **ORDER RE: INITIAL CASE SCHEDULING** |

These related cases were initiated on different dates, originally assigned to different judges of this Court, and with slightly different schedules. Now that all three cases have been found related and are before the undersigned, and in light of all Parties' consents to Magistrate Judge jurisdiction, the Court issues this initial Order regarding scheduling to rationally align and

coordinate the schedules in these cases.  Fed. R. Civ. P. 1.

In the *Artificial Intelligence Industry Association, Inc. v. Osaro, Inc.* case, the Complaint was filed on August 25, 2025.  [-7170 case, Dkt. 1].  Defendant Osaro filed a motion to dismiss that Complaint on October 13, 2025.  [-7170 case, Dkt. 15].  In response, on October 27, 2025, Plaintiff AIIA filed both an opposition to the motion to dismiss [-7170 case, Dkt. 22] and an Amended Complaint [Dkt. 21]. In light of the filing of Plaintiff's Amended Complaint, Osaro's motion to dismiss is deemed **MOOT** and is **DENIED WITHOUT PREJUDICE**.  The hearing on the motion to dismiss, set for **November 20, 2025**, is accordingly **VACATED**.

As of the date of this Order, the deadlines for Defendant Parallel Domain and for Defendant Ceres AI to respond to their respective Complaints have not yet passed (which dates were extended by stipulation).  [-7658 case, Dkt. 16; -7924 case Dkt. 11].  For obvious reasons, neither has filed an Answer, motion to dismiss, or otherwise responded to their respective Complaints yet.

In the interests of economy and efficiency, the Parties are ordered to meet and confer promptly and by no later than **November 17, 2025**, to discuss whether Parallel Domain and/or Ceres AI intend to file motions to dismiss in response to their respective Complaints, and to discuss whether (as in the Osaro case) Plaintiff intends to file Amended Complaints in the Parallel Domain and Ceres cases.  If Plaintiff intends to file Amended Complaints in these other two actions, all Parties are **ORDERED** to meet and confer to reach agreement on a Stipulation and Proposed Order setting a schedule for the filing of such Amended Complaints, and an agreed single, coordinated deadline for all Defendants to respond to their respective Amended Complaints (including Osaro) so that all three cases remain on the same schedule.  Any such Stipulation and Proposed Order shall be filed by **November 24, 2025**.  Pursuant to the Court's authority under Fed. R. Civ. P. 6(b)(1)(A), the Court hereby **EXTENDS** Osaro's deadline to respond to the Amended Complaint [-7170 case, Dkt. 21] to **November 24, 2025**.  In the (presumably unlikely) event the Parties do not reach agreement on a stipulated schedule, in lieu of a stipulation and by that same deadline, the Parties **SHALL** file a Joint Status Report (no longer than six pages evenly divided between the Plaintiff, on the one hand, and the Defendants collectively, on the other hand)

setting forth their respective positions and proposals for the schedule.

If, during the meet and confer process, Plaintiff indicates that it does not intend to file Amended Complaints in the Parallel Domain and Ceres AI cases, then the Defendants shall indicate at the meet and confers whether or not they each plan to file motion(s) to dismiss in their respective cases. If multiple Defendants plan to file motions to dismiss, the Parties are **ORDERED** to file a Stipulation and Proposed Order setting a coordinated briefing and hearing schedule for such motions. To the extent multiple Defendants plan to assert the same or substantially similar legal grounds for dismissal, the Parties shall include stipulated provisions for filing of a joint master brief on behalf of all moving Defendants, shorter supplemental briefs by each Defendant only if needed to address any separate issues specific to that Defendant, a master opposition brief and shorter supplemental opposition briefs if any supplemental opening briefs were filed, and similar provisions for a master reply brief and supplemental replies. Any such Stipulation and Proposed Order shall be filed by **November 24, 2025**. In the (presumably unlikely) event the Parties do not reach agreement on a stipulated briefing and hearing schedule, in lieu of a stipulation and by that same deadline, the Parties **SHALL** include in the Joint Status Report discussed above their respective positions and proposals for the schedule for briefing and hearing any such motions to dismiss.

If Plaintiff indicates during the meet and confer period that Plaintiff intends to file Amended Complaints in the Parallel Domain and Ceres AI cases, after all three Defendants have been served with their respective Amended Complaints, the Parties **SHALL** promptly meet and confer to discuss planning for a stipulated schedule for briefing and hearing such motions to dismiss consistent with the directives discussed in the preceding paragraph above (including provisions for a master brief and supplemental briefs). The Parties **SHALL** file a Joint Status Report (no longer than three pages evenly divided between Plaintiff, on the one hand, and all Defendants, on the other hand) regarding their meet and confers and planning for any such Stipulation and Proposed Order within **fourteen calendar days** after the last of the Amended Complaints has been filed. If any such Stipulation and Proposed Order is filed prior to the due date for the Joint Status Report, no such Joint Status Report need be filed.

3

The Defendants are directed to coordinate reasonably and in good faith amongst themselves regarding coordination of common presentation of the same arguments or issues, and the coordinated preparation and filing of any master briefs on behalf of multiple Defendants. If the Parties cannot reach agreement on scheduling or other issues discussed above, or if any other issues come up during the meet and confer process impacting the current deadlines in these cases, the Parties shall address such issues in a Joint Status Report as discussed above, to be filed on or before **November 24, 2025**.

The Initial Case Management Conferences in all three cases are **VACATED** and will be reset (along with other related deadlines) after review of the Parties' filing as discussed above. The Court's plan is to reset the Initial Case Management Conferences (and related deadlines) to a single coordinated deadline after the Court reviews the Parties filings discussed above.

The deadline for all Parties to file their respective ADR Certifications (ADR Local Rule 3) in their respective cases is **RESET** to **November 21, 2026**.

All Parties and counsel are **ORDERED** to read and comply with the undersigned's Standing Order for Civil Cases and Standing Order for Discovery, which are now applicable to all three cases.

This Order **RESOLVES** Dkt. 15 in the Osaro case (-7170).

**IT IS SO ORDERED.**

Dated: October 30, 2025

PETER H. KANG
United States Magistrate Judge