COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

BARBARA N. BARATH (SBN 268146)
CHRISTOPHER J. WIENER (SBN 280476)
COBLENTZ PATCH DUFFY & BASS LLP
One Montgomery Street, Suite 3000
San Francisco, California 94104-5500
Telephone: 415.391.4800
Facsimile: 415.989.1663
Email: ef-bnb@cpdb.com
ef-cjw@cpdb.com

*Attorneys for Defendant,*
FANUC AMERICA CORPORATION

*(Additional Counsel Listed on Signature Page)*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

**SAN FRANCISCO DIVISION**

| | |
|---|---|
| ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>OSARO, INC.,<br><br>Defendant. | Lead Case No. 3:25-cv-07170-PHK<br><br>**JOINT CASE MANAGEMENT STATUS REPORT**<br><br>**[Pursuant to FANUC Dkt. No. 20]**<br><br>*THIS DOCUMENT RELATES TO:*<br>** ALL RELATED CASES* |
| ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>PARALLEL DOMAIN, INC.,<br><br>Defendant. | Case No. 3:25-cv-07658-PHK |
| ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC.,<br><br>Plaintiff,<br><br>v.<br><br>FANUC AMERICA CORPORATION,<br><br>Defendant. | Case No. 3:26-cv-00860-PHK |

Pursuant to the Court's order dated March 3, 2026 ("March 3 Order") (Dkt. No. 20), the parties to the above-titled actions, Plaintiff Artificial Intelligence Industry Association, Inc. ("AIIA") and Defendants OSARO, Inc. ("OSARO"), Parallel Domain, Inc. ("Parallel Domain"), and FANUC America Corporation ("FANUC America," and with OSARO and Parallel Domain, "Defendants"), submit this Joint Case Management Status Report.

## I. <u>**Proposed Case Scheduling and Case Management Conference**</u>

The parties propose filing a further Case Management Statement and Rule 26(f) report 14 days following the last deadline for filing an Answer in the *OSARO* and *Parallel Domain* matters (assuming the *FANUC America* case is stayed, as the parties discuss below), or in all three cases (in the event the *FANUC America* case is not stayed). In that report, the parties will propose a case schedule with case deadlines through trial, including an initial disclosure deadline that coincides with the opening of fact discovery.

## II. <u>**Related Cases & Consolidation**</u>

The Court's March 3 order deemed the following three cases "related" within the meaning of Patent Local Rule 2-1: *AIIA v. FANUC America Corp.* (No. 3:26-cv-00860-PHK); *AIIA v. Osaro, Inc.* (No. 25-cv-07170-PHK); and *AIIA v. Parallel Domain, Inc.* (No. 25-cv-07658-PHK). *See FANUC America* Dkt. No. 20 at 1-2.

Pursuant to the Court's March 3 Order, the parties set forth their respective positions on whether these related cases should be "formally consolidated pursuant to Fed. R. Civ. P. 42 as well as those issues enumerated under Fed. R. Civ. P. 16(c)(2) and Fed. R. Civ. P. 26(f)(2) and (3)" (*id.* at 2):

### A. <u>**AIIA's Position on Consolidation**</u>

AIIA agrees with Defendants that formal consolidation under Federal Rule of Civil Procedure 42 is not appropriate at this time, given that infringement and damages issues are not common to all parties. AIIA supports coordination of case schedules and relevant hearings — including claim construction proceedings — to the extent such coordination promotes efficiency without prejudicing AIIA's ability to pursue its claims in each case on the merits. AIIA proposes that the parties identify, in their subsequent Rule 26(f) report, the specific hearings and pretrial

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

proceedings appropriate for joint coordination pursuant to Rule 42.

**B. <u>Defendants' Position on Consolidation</u>**

OSARO and Parallel Domain believe that, pursuant to Federal Rule of Civil Procedure 42, the Court should join for hearing certain matters at issue in the actions that involve common questions of law or fact (such as, for example, claim construction). Because there are key claims and issues that are not common to all parties, such as infringement and damages, OSARO and Parallel Domain believe that formal consolidation is not appropriate and that coordination of the case schedules and relevant hearings is the best way to conserve resources and promote judicial economy in these actions. OSARO and Parallel Domain propose that the parties include, with their proposed case schedule, an identification of all hearings and other proceedings that should be joined and coordinated pursuant to Rule 42, including pre-trial discovery and conferences (as enumerated in Rules 16(c)(2) and 26(f)(2)). To the extent the case against it is not stayed (*see, infra*, Section IV), FANUC America agrees with OSARO and Parallel Domain regarding case scheduling and coordination.

**III. <u>Joint Notice Regarding FANUC America's Joinder in OSARO's Pending Motion to Dismiss</u>**

**1. AIIA's Opposition to FANUC America's Joinder**

AIIA opposes FANUC America's request to join the pending Motion to Dismiss filed in the Osaro and Parallel Domain cases and to be bound by this Court's ruling on those motions.

First, FANUC America's proposed joinder is procedurally improper and fundamentally one-sided. FANUC America seeks to bind only the direct infringement determination — the one it expects to benefit from — while expressly reserving the right to contest all indirect infringement issues on independent grounds. See Defs.' Position, infra, n.1 (FANUC America explicitly disclaims being bound by any ruling on indirect infringement). AIIA would thus be bound to a ruling in a proceeding it cannot shape — a motion it did not draft, in a record it did not control — while FANUC America retains full freedom to relitigate the issues most relevant to it. That arrangement is not "efficiency"; it is one-way preclusion that prejudices AIIA without providing commensurate benefit.

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

Second, the Motion to Dismiss in the Osaro case was fully briefed and argued before FANUC America filed a responsive pleading in this action — indeed, before this case was even related to the Osaro and Parallel Domain matters. FANUC America had no role in shaping the briefing record and has made no showing that retroactive joinder in a fully-submitted motion is procedurally appropriate. The proper vehicle for FANUC America to test the sufficiency of AIIA's pleading is a responsive pleading or motion of its own, filed in this case, on the deadline already stipulated: April 24, 2026.

Third, AIIA's complaint against FANUC America is not co-extensive with AIIA's complaint against OSARO. AIIA's complaint alleges that FANUC America's own conduct — integrating OSARO's software with its robotic hardware, directing its Authorized System Integrator network to deploy the combined solution, conducting joint trade show demonstrations, and publicly endorsing the collaboration — independently supports liability for induced and contributory infringement under 35 U.S.C. §§ 271(b) and (c). Moreover, AIIA's complaint expressly alleges direct infringement not only by OSARO but also by "third parties who deploy the FANUC-OSARO integrated solution." Compl. ¶ 28. Whether those third-party end users directly infringe the '272 patent is a question that would not be resolved by the Osaro Motion to Dismiss. A ruling on OSARO's software practices would thus not be fully dispositive of AIIA's claims in this action, making joinder and mutual binding inappropriate.

For these reasons, AIIA respectfully requests that the Court decline FANUC America's joinder request and direct FANUC America to respond to the Complaint in this case by the stipulated deadline of April 24, 2026.

**2. Defendants' Position on FANUC America's Joinder**

FANUC America agrees, and OSARO and Parallel Domain do not contest, that it makes sense for FANUC America to join, and for AIIA and FANUC America to be bound by, the Court's ruling on OSARO's pending motion to dismiss AIIA's ***direct*** infringement claims against OSARO as to the '272 patent for the reasons stated below.[1] However, because AIIA declines to

[1] To the extent AIIA's direct infringement claims against OSARO survive, FANUC America does

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

be bound, FANUC America does not expect this Court to order otherwise. Accordingly, FANUC America requests, in the alternative, that the Court vacate FANUC America's April 24 responsive pleading deadline and—in the event that the case against FANUC America is not stayed—continue that deadline until 30 days after the Court's ruling on OSARO's motion to dismiss, in the interest of efficiency.

If the case against FANUC America is not stayed pending resolution of the *OSARO* matter, AIIA's refusal to agree to be bound by the Court's order relating to direct infringement of the '272 patent in the *OSARO* case will result in a waste of party and judicial resources: AIIA's allegations of infringement against FANUC America are dependent on a finding that OSARO directly infringes the '272 patent. In particular, AIIA alleges that OSARO "directly infringes one or more claims of the '272 patent under 35 U.S.C. [§] 271(a) by using the infringing methods internally and by offering them to third parties via its commercial SightWorks platform." (FANUC Dkt. No. 1 ¶ 28 (emphasis added).) AIIA asserts contributory and induced infringement claims against FANUC America, alleging that FANUC America "has collaborated with Osaro, Inc. … to integrate, promote, and distribute Osaro's SightWorks machine-learning vision software with FANUC robotic hardware." (*Id.* ¶ 1.) AIIA further states that FANUC America's alleged "inducement and contributory infringement of the '272 patent ***depends upon this underlying direct infringement by Osaro*** and/or ***third parties who deploy the FANUC-OSARO integrated solution***." (*Id.* (emphasis added).) AIIA does not allege any direct infringement of the '272 Patent by FANUC America.

The Court's ruling on OSARO's pending motion to dismiss will necessarily determine whether AIIA has adequately pled direct infringement by OSARO, and thus whether AIIA has

---

not agree to be bound by the Court's Order on OSARO's motion to dismiss AIIA's indirect infringement claims against it, because the bases for AIIA's indirect infringement claims against FANUC America are different. That is, FANUC America has independent, additional bases to argue that AIIA's indirect infringement claims against it should be dismissed. AIIA's belief that it would be unfair for it to "be bound to a ruling in a proceeding it cannot shape — a motion it did not draft, in a record it did not control" strains credulity. AIIA is a party in that proceeding; it opposed that motion; and it certainly controls that record as much as any party does.

adequately pled indirect infringement by FANUC America. The reason for that is straightforward: if AIIA is unable to adequately plead that OSARO's SightWorks software directly infringes the '272 patent in the *OSARO* case, it will be unable to adequately plead that the exact same software directly infringes in the *FANUC America* case. Further, a dismissal of AIIA's claim that OSARO's SightWorks software directly infringes the '272 patent would be dispositive of AIIA's claims against FANUC America. That is because, if AIIA's direct infringement claims against OSARO are dismissed, AIIA's indirect infringement and willfulness claims against FANUC America necessarily fail. *See Golden v. Google LLC*, No. 2024-2024, 2025 WL 1752485, at *3 (Fed. Cir. June 25, 2025) (first citing *Dynacore Holdings Corp. v. U.S. Philips Corp.*, 363 F.3d 1263, 1272 (Fed. Cir. 2004), then citing *Johnson & Johnston Assocs. Inc. v. R.E. Serv. Co.*, 285 F.3d 1046, 1055 (Fed. Cir. 2002)) ("Because [plaintiff] has failed to adequately plead direct infringement by [defendant], his complaint also fails to sufficiently plead indirect infringement and willful infringement."); *Estech Sys. IP, LLC v. Ooma, Inc.*, 770 F. Supp. 3d 1228, 1234 (N.D. Cal. 2025) ("Having failed to allege any plausible claim for direct infringement of the Asserted Patents, [plaintiff]'s indirect and willful infringement claims also fail.").

If the Court grants OSARO's motion to dismiss without leave to amend, and the case against FANUC America is not stayed, then FANUC America intends to immediately move to dismiss on the grounds that the *Kessler* and/or collateral estoppel doctrines preclude AIIA from arguing that OSARO directly infringes in the *FANUC America* case.[2] *See, e.g., Askan v. FARO Techs., Inc.*, No. 2022-2117, 2023 WL 4101351, at *5 (Fed. Cir. June 21, 2023) (explaining that under the *Kessler* doctrine a dismissal with prejudice bars a subsequent suit against another party where the product accused of infringement—here OSARO's SightWorks software—is "essentially the same") (citing *In re PersonalWeb Techs. LLC*, 961 F.3d 1365, 1376-77, 1379 (Fed. Cir. 2020)) *Janjua v. Neufeld*, 933 F.3d 1061, 1065 (9th Cir. 2019) ("Issue preclusion, also known as

[2] AIIA's contention—that its direct infringement allegations against downstream OSARO customers can serve as the predicate acts for its indirect infringement claims against FANUC America—fails for the same reason. A determination that *OSARO* does not directly infringe, because its SightWorks software does not infringe, necessarily means OSARO's *customers* do not directly infringe by their use of the same software.



COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

collateral estoppel, bars the relitigation of issues actually adjudicated in previous litigation."); *Reese v. Verizon California, Inc.*, 498 F. App'x 980, 982 (Fed. Cir. 2012) (collateral estoppel applies when the same technology is said to infringe the same patent); *Del Mar Avionics, Inc. v. Quinton Instrument Co.*, 836 F.2d 1320, 1323 (Fed. Cir. 1987) ("The prior determination of certain issues, including the issues of claim construction and of infringement by [one model] and non-infringement by [another model], bars judicial redetermination of those issues."). While FANUC America does not believe that the Court should compel AIIA to be bound by the order on OSARO's motion unless AIIA expressly agrees to be bound, FANUC America reserves its right to seek fees for being forced to engage in unnecessary motion practice.

In addition, to the extent AIIA is not bound by the Court's Order on OSARO's motion to dismiss, and the *FANUC America* matter is not stayed pending resolution of the *OSARO* matter, FANUC America proposes that the Court order that AIIA not be given leave to amend its claim that OSARO's SightWorks software directly infringes the '272 patent in the *FANUC America* matter. AIIA has had multiple opportunities to adequately plead direct infringement by OSARO's SightWorks software in the *OSARO* matter, and filed its complaint against FANUC America a full week *after* OSARO's latest motion to dismiss was fully briefed. AIIA was thus on notice of the deficiencies with its direct infringement claims and had ample opportunity to address those deficiencies in the *FANUC America* matter. *See Cyph, Inc. v. Zoom Video Commc'ns, Inc.,* 642 F. Supp. 3d 1034, 1040 (N.D. Cal. 2022) (explaining that "if a plaintiff has previously amended a complaint, a court has 'broad' discretion to deny leave to amend").

## IV. <u>Stipulated Stay</u>

### 1. AIIA's Position on Stay

AIIA opposes a stay of the *FANUC America* action in its entirety. A stay is not warranted under the applicable *Landis* factors, which require the moving party to demonstrate a clear case of hardship or inequity in being required to go forward, that the stay would not work undue damage to the opposing party, and that granting the stay would promote judicial economy. *Landis v. N. Am. Co.*, 299 U.S. 248, 255 (1936); *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962). None of those factors favor a stay here.

First, AIIA will suffer undue prejudice from an indefinite stay. FANUC America received notice of the '272 patent and AIIA's infringement allegations as early as October 27, 2025, yet has continued — and, upon information and belief, expanded — its promotion and integration of OSARO's SightWorks software with its robotic products. A stay of indeterminate length rewards this ongoing conduct and denies AIIA timely injunctive relief. The *Osaro* matter has been pending since August 2025 and no decision has issued on the fully-submitted motion to dismiss; there is no basis to predict when final resolution of that case will occur. Staying this case in the meantime would allow FANUC America to continue its infringing activities without accountability while the clock runs on AIIA's ability to pursue preliminary injunctive relief and recover damages for ongoing harm.

Second, FANUC America has not demonstrated any cognizable hardship from proceeding on the current schedule. FANUC America has had counsel engaged since before the complaint was filed, has already stipulated to an April 24, 2026 responsive pleading deadline, and is fully aware of the claims against it. The mere fact that AIIA's indirect infringement claims are predicated on OSARO's direct infringement does not, standing alone, establish that proceeding creates an undue burden. Courts routinely litigate downstream indirect infringement claims alongside direct infringement cases involving different defendants.

Third, the *Osaro* ruling will not fully dispose of AIIA's claims in this action. AIIA's complaint alleges that third parties who deploy the FANUC-OSARO integrated solution are also direct infringers. Compl. ¶ 28. FANUC America's liability for inducing and contributing to infringement by those third-party end users is not contingent solely on OSARO's direct infringement. A ruling on OSARO's motion to dismiss would not resolve whether FANUC America has contributed to or induced infringement by end-user deployers of the FANUC-OSARO solution, nor would it resolve the distinct facts underlying FANUC America's own promotional and integration conduct.

Fourth, judicial economy is already being served through the Court's coordination order. The parties in all three related cases have been directed to coordinate scheduling, discovery, and case management. A stay of the *FANUC America* action is therefore unnecessary to achieve

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

efficiency; coordination — not a stay — is the appropriate mechanism. *See Dependable Highway Express, Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) ("[I]f there is even a fair possibility that the stay will work damage to someone else, the stay may be inappropriate absent a showing by the moving party of hardship or inequity.").

For these reasons, AIIA respectfully requests that the Court deny FANUC America's request for a stay and direct FANUC America to respond to the Complaint by the stipulated deadline of April 24, 2026.

**2. Defendants' Position on Stay**

As noted above, AIIA does not allege that FANUC directly infringes the '272 patent. FANUC America sells standard robot products to Authorized System Integrators ("ASIs"), like OSARO, who can integrate the robots with third-party software, like OSARO's SightWorks software. AIIA's allegations of infringement against FANUC America are dependent on a finding that OSARO directly infringes the '272 patent. Because OSARO "is in the best position to litigate against [plaintiff's direct] infringement claims because it has access to all of the relevant technical and proprietary information relevant to the infringement question," the case against FANUC America should be stayed until the resolution of the case against OSARO. *Grecia v. Target Corp.*, 2018 WL 4283358, at *2 (N.D. Cal. Sept. 7, 2018) (staying patent infringement action against Target pending resolution of patent litigation against MasterCard, where lawsuit against Target concerned Target's use of MasterCard's payment system technology); *see also Renesas Elecs. Am. Inc. v. Monterey Rsch., LLC*, No. 24-CV-06223-JSC, 2024 WL 5077109, at *2, *5 (N.D. Cal. Dec. 10, 2024) (staying case pending resolution of suit against the manufacturer of the allegedly infringing products, the "true defendant" in the case); *Five Star Gourmet Foods, Inc. v. Ready Pac Foods, Inc.*, No. 218CV2436DDPKKX, 2020 WL 5369414, at *4 (C.D. Cal. Sept. 8, 2020) (staying case pending resolution of manufacturer suit where the manufacturer was "the entity with the presumed greater interest and the entity most knowledgeable about the design and manufacture of the accused products"); *Upaid Sys., Ltd. v. CleanDan*, No. SACV1800619ABSSX, 2018 WL 5279567, at *3 (C.D. Cal. July 25, 2018) (staying case pending related action where "it is nearly certain that" the related action would "dispose of the invalidity and direct infringement

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

issues in this case"). Judicial and party efficiency will be greatly enhanced by resolving the predicate direct infringement claims against Osaro before litigating the indirect infringement claims against FANUC America.[3]

DATED: April 3, 2026 COBLENTZ PATCH DUFFY & BASS LLP

By: */s/ Christopher J. Wiener*
CHRISTOPHER J. WIENER
Attorneys for Defendant
FANUC AMERICA CORPORATION

DATED: April 3, 2026 FRY LAW CORPORATION

By: */s/ Christopher J. Fry*
Christopher J. Fry (State Bar No. 298874)
4227 Sunrise Boulevard, Suite 200
Fair Oaks, California 95628
Telephone: 916.291.0700
Facsimile: 916.848.0256
Email: cfry@frylawcorp.com

Attorney for Plaintiff
ARTIFICIAL INTELLIGENCE INDUSTRY ASSOCIATION, INC.

[3] As noted above, AIIA's argument that the *OSARO* motion to dismiss "will not fully dispose of AIIA's claims in this action" is simply incorrect. Resolution of the claims regarding OSARO's direct infringement are necessarily dispositive of allegations that its customers directly infringed by using the *same SightWorks software*. *See* OSARO Dkt. No. 34 at 19 (Motion to Dismiss) ("Because AIIA has failed to adequately plead ***direct*** infringement against any defendant, its indirect infringement claims necessarily fail.").

Coblentz Patch Duffy & Bass LLP
One Montgomery Street, Suite 3000, San Francisco, California 94104-5500
415.391.4800 · Fax 415.989.1663

DATED: April 3, 2026

LAREDO, SMITH & KANE, LLP

By: */s/ Brendan S. Cox*

Brendan S. Cox (pro hac vice)
Laredo, Smith & Kane, LLP
101 Federal Street, Suite 650
Boston, MA 02110
Telephone: (617) 443-1100
Facsimile: (617) 443-1174
cox@laredosmith.com

Bethany D. Bengfort (SBN 312507)
Thompson Hine LLP
155 Bovet Road, Suite 600
San Mateo, CA 94402
Telephone: (650) 521-5930
Bethany.Bengfort@ThomsponHine.com

Attorneys for Defendant
OSARO, INC.

DATED: April 3, 2026

MORRISON & FOERSTER, LLP

By: */s/ Timothy Chen Saulsbury*

Timothy Chen Saulsbury (SBN 281434)
Gene Novikov (SBN 257849)
Morrison & Foerster, LLP
425 Market St.
San Francisco, Ca 94105
Telephone: (415) 268-6074
Tsaulsbury@mofo.com
Gnovikov@mofo.com

Attorneys for Defendant
PARALLEL DOMAIN, INC.

COBLENTZ PATCH DUFFY & BASS LLP
ONE MONTGOMERY STREET, SUITE 3000, SAN FRANCISCO, CALIFORNIA 94104-5500
415.391.4800 · FAX 415.989.1663

**SIGNATURE ATTESTATION**

I hereby certify that each of the other Signatories to the above Joint Case Management Status Report have authorized use of their electronic signature and concurred in this filing.

*/s/ Christopher J. Wiener*
Christopher J. Wiener