# EXHIBIT 2

Coblentz
Patch Duffy
& Bass LLP

One Montgomery Street, Suite 3000
San Francisco, CA 94104-5500
T 415 391 4800
coblentzlaw.com

Barbara N. Barath
D (415) 677-5292
bbarath@coblentzlaw.com

October 5, 2026

**VIA E-MAIL**

Vivek Ramachandran
Dhamma Law PLLC
418 Broadway, Suite N
Albany, NY 12207
Email: mail@vramachandran.com

Re: *Artificial Intelligence Industry Association, Inc. v. FANUC America Corp.*
Case No. 4:26-cv-00860-PHK (N.D. Cal.)

Dear Mr. Ramachandran:

I write regarding Artificial Intelligence Industry Association, Inc. ("AIIA")'s complaint alleging that FANUC America Corp. ("FANUC") indirectly infringes U.S. Patent No. 11,257,272 ("the '272 patent"). We sent AIIA's previous counsel a letter on April 9, 2026 (attached for your reference) explaining the issues with AIIA's allegations. We won't rehash those issues here.

Instead, we write in light of the Court's September 30, 2026 order (the "Order") resolving the OSARO and Parallel Domain motions to dismiss (also attached for your reference). That order is relevant in the FANUC case for multiple reasons. First, the Court ordered on March 3, 2026 that the FANUC case is related to *AIIA v. OSARO, Inc.* (Case No. 25-cv-07170-PHK) and *AIIA v. Parallel Domain, Inc.* (Case No. 25-cv-07658-PHK). Second, the Court ordered on May 11, 2026 that FANUC's deadline to respond to AIIA's January 27, 2027 Complaint is 30 days from the date the Court issues an order on the OSARO and Parallel Domain motions; FANUC's response is thus currently due October 30, 2026. Third, as detailed below, the Order confirms that AIIA's complaint against FANUC is deficient and effectively disposes of AIIA's claims against FANUC.

In light of this, we again invite AIIA to dismiss its complaint. If it is unwilling to do so, we ask that AIIA commit to making any amendments to its complaint—including to address the deficiencies identified in the Order—before FANUC responds. Doing so would avoid wasting both parties' and the Court's resources briefing and arguing a motion to dismiss on issues that the Court has already decided.

**A. The Court made clear that AIIA Cannot Plead FANUC Infringes.**

As you know, AIIA does not allege that FANUC directly infringes the '272 patent. Rather, AIIA's allegations against FANUC, which rest entirely on its integration of OSARO's software, are limited to indirect (i.e., induced and contributory) infringement. (*See e.g.*, ECF No. 1 ¶ 28.) The Order disposes of all of AIIA's claims against FANUC.

The Court held that AIIA failed to sufficiently plead direct infringement of the '272 patent by the OSARO software. (Order at 7-8, 12-14.) Even if AIIA believes it can amend its complaint to fix the direct infringement allegations, the Court's holding makes clear that AIIA will not be able to fix its indirect infringement allegations against FANUC (Order at 15.)

The crux of AIIA's inducement claim against FANUC is that FANUC's alleged "***active promotion*** and integration of OSARO's software with FANUC robotic hardware constitutes inducement of infringement under 35 U.S.C. [§] 271(b)." (ECF No. 1 ¶ 26.) The Order confirms that this is wrong. In its FAC against OSARO, AIIA alleged OSARO "is inducing infringement by ***actively promoting*** and instructing its customers to use these products in an infringing manner, with specific intent to encourage infringement, as demonstrated through its detailed technical documentation, tutorials, and customer support services available on https://www.osaro.com." (OSARO ECF No. 21 ¶ 4.) In its Order, the Court held that this allegation was insufficient. It explained that AIIA's FAC "collapse[s] the intent for a customer to use a product with the legally required intent to induce another to infringe the patent." (Order at 16.) "[P]leading that a defendant published user manuals and support articles for the accused products . . . has been held as 'wholly inadequate for an inference of specific intent' to induce patent infringement." (*Id.* (quoting *Railware, Inc. v. Peninsula Corridor Joint Powers Bd.*, No. 5:25-CV-05725-BLF, 2026 WL 800129 at *7 (N.D. Cal. Mar. 23, 2026)); *see also* April 9, Wiener Letter Ex. F at 58:10-59:14 ("THE COURT: [T]he case law draws a distinction between promoting and inducing the use of a product versus promoting and inducing infringement of a patent").) Similarly, here, AIIA cannot allege that FANUC has done anything more than promote the ***use*** of the accused products; it cannot allege that FANUC has promoted ***infringement*** of the '272 patent. Simply put, AIIA has no basis to allege induced infringement by FANUC.

The Court also held that AIIA failed to plead contributory infringement by OSARO. It found:

> Other than stating in conclusory fashion that unidentified "modules" in the accused products have no substantial non-infringing use, the FACs do not clearly explain or plead what those different "modules" are or why they have no

Coblentz Patch Duffy & Bass LLP



> substantial non-infringing use. Under the applicable legal standard, the FACs do not plead plausibly how or why the "modules" within the accused products have no substantial non-infringing use (other than the circular assertion that these "modules" appear designed to implement the claimed patented features, which is merely another way of saying that these "modules" infringe the patent claims). Under *Twombly/Iqbal*, the FACs fail to plead sufficiently that Defendants' accused products have no substantial noninfringing use for contributory infringement and thus failed to state a claim for contributory infringement.

AIIA's allegations against FANUC are similarly conclusory and inadequate. (ECF No. 1 ¶ 27.) It thus cannot allege contributory infringement either.

**B. The Court made clear that AIIA cannot plead willful infringement.**

Even if AIIA could plead infringement (which it cannot), it won't be able to plead willful infringement. The Order explained that AIIA must make "factual allegations that ... [Defendants'] behavior was 'egregious ... ***beyond typical infringement***'" (Order at 18 (quoting *Finjan, Inc. v. Cisco Sys. Inc.*, No. 17-cv-00072-BLF, 2017 WL 2462423, at *5 (N.D. Cal. June 7, 2017)).) The Court held that allegations that defendants included "certain accused features in the accused products or in marketing materials (post-the demand letter dates) after receiving knowledge of the Asserted Patents" "is not sufficient plausible pleading of willfulness because the FACs collapse the knowledge requirement with the intent requirement." (Order at 18 (quoting OSARO ECF No. 21 at 118).)

AIIA's allegations against FANUC are nearly identical. (ECF No. 1 ¶ 39 ("Defendant has continued its indirect infringement despite receiving AIIA's demand letter and offers to license, making such indirect infringement willful.").) Its willfulness allegations are similarly deficient.

**C. The Court made clear that AIIA cannot plead entitlement to lost profits.**

The Court explained that "[t]o recover lost profits, a patent owner must . . . show 'a reasonable probability that 'but for' the infringing activity, the patentee would have made the infringer's sales.'" (Order at 19.) The Court struck AIIA's demand for lost profit against OSARO and Parallel Domain because its pleadings were "devoid of any allegations as to the causal relation between the alleged infringement and AIIA's lost profits." (Order at 10.)

Similarly, here, AIIA seeks an award of lost profits but makes no allegation as to the causal relation between the alleged infringement and AIIA's lost profits. (ECF No. 1 ¶ 37; *id.*, Prayer for Relief ¶ C.) Nor can it, given that AIIA does not sell products in competition with FANUC.

**D. The Court made clear that AIIA cannot plead a cause of action for a preliminary injunction.**

The Court explained that "[a] request for a preliminary injunction is not a cause of action but rather is a request for a form of injunctive relief.'" (Order at 19.) The Court instructed AIIA to "include all requests for relief in its Prayer for Relief, and not as a cause of action." (*Id.*) Similarly, here AIIA's Count II for Preliminary Injunction against FANUC is not a cause of action and must be included as a request for relief.

## II. <u>Conclusion</u>

The Order makes clear that AIIA's complaint against FANUC will not survive a motion to dismiss. In our review, the Order also makes clear that any amendment will be futile.

To avoid wasting resources, we ask that AIIA confirm by **October 9, 2026** that it will either (a) withdraw its complaint entirely or (b) if it believes it can address the deficiencies raised in the Order and FANUC's letters, agree to amend its complaint by the October 30, 2026 deadline set by the Court and continue FANUC's obligation to respond until 30 days after the amendment is filed. We are happy to stipulate to that amendment. If AIIA forces FANUC to file a motion to dismiss AIIA's initial complaint against FANUC, FANUC will seek its attorneys' fees for doing so. FANUC reserves the right to seek sanctions under 35 U.S.C. § 285 and/or Rule 11 of the Federal Rules of Civil Procedure in any event.

If you believe a call would be helpful, I am available to discuss next week.

Very truly yours,

Barbara N. Barath

Attachments